**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | 11-cv-03104 |
| v. | ) ) | Judge Charles P. Kocoras |
| | ) ) | Magistrate Judge Morton |
| MIDLAND FUNDING LLC; | ) ) | Denlow |
| | ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| DAVE SCARDINA, individually and on behalf of a class, | ) ) ) ) | |
| Plaintiff, | ) ) | 11-cv-3149 |
| v. | ) ) | Judge George W. Lindberg |
| MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING LLC; ENCORE CAPITAL GROUP, INC, | ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF SCARDINA'S OBJECTION TO MOTION
FOR REASSIGNMENT OF RELATED ACTION**

Plaintiff Dave Scardina ("Plaintiff") hereby submits the following objections to

Defendant Midland Funding LLC's Motion for Reassignment of Related Action to relate *Martin v.*

*Midland Funding, LLC*, No. 11 -cv-03104 (N.D. Ill.), currently pending before this Court, and

*Scardina v. Midland Credit Management, Inc.; Midland Funding LLC and Encore Capital Group,*

*Inc.*, No. 11-cv-3149 (N.D.Ill), currently pending before Judge Lindberg. Plaintiff Scardina

opposes the motion for relatedness because:

1.  Reassigning *Scardina* will not result in a substantial saving of judicial time and effort

    because the *Martin* case contains complicated state legal questions relating to

    consent which are not present in *Scardina*;

2.  If it is reassigned, *Scardina* will be substantially delayed by the complicated state

    legal questions relating to consent that are raised in *Martin* but not present in

    *Scardina*;

3.  Prior to the motion to reassign, Judge Lindberg has issued a substantive ruling in

    *Scardina* and discovery is proceeding on a short discovery schedule. Thus it creates

    the appearance that defendants' motion to reassign is an attempt to stall *Scardina*.

## BACKGROUND

The *Martin* case was filed on May 10, 2011 (*Martin* complaint attached as **Exhibit A**)

and the *Scardina* case was filed on May 11, 2011 (*Scardina* complaint attached as **Exhibit B**). An

amended complaint was filed in *Martin* on July 14, 2011 (*Martin* amended complaint attached as

**Exhibit C**).

In his complaint, Scardina alleges that Midland Credit Management Inc, ("MCM")

placed automated calls to plaintiff's cell phone in violation of the Telephone Consumer Protection

Act ("TCPA"), 47 U.S.C. § 227(b) and that Defendants Midland Funding LLC and Encore Capital

Croup, Inc. are liable for MCM's acts. Scardina brings his lawsuit on behalf of a class of persons

with Illinois cellular phone numbers called between May 11, 2007 and May 31, 2011. Plaintiff

Scardina alleges he did not consent to the calls or provide his cell phone number to Defendants or

the creditor, but that his cell phone number was obtained through a skip-trace by a debt collector hired by the original creditor, HSBC. **Exhibit B**, ¶¶ 32-32.

In both his original complaint and amended complaint, Martin alleged that Defendant Midland Funding LLC, or someone on its behalf, called Martin on his cell phone using an "automatic telephone dialing system" in violation of the TCPA. Martin brings his lawsuit on behalf of a class of persons who had Illinois addresses between January 1, 2008 and November 24, 2008. Plaintiff Martin makes no allegations addressing the questions of whether he consented to calls on his cellular telephone. In his original complaint, Martin alleges that Midland Funding LLC did not have an Illinois Collection Agency Act license when it obtained the Martin debt and therefore, under *LVNV Funding, LLC v. Trice*, __ N.E.2d.__, 2011 WL 947129 (1st Dist. Mar. 16, 2011 (**Exhibit D**), as modified June 30, 2011 (**Exhibit E**)) did not have consent to call Martin. However, Midland Funding, LLC did not make any phone calls to anyone. *Scardina* complaint, **Exhibit B**, ¶¶ 7-8. Midland Funding LLC merely owns the debts. *Id.* Midland Credit Management, Inc.("MCM") makes any calls on behalf of Midland Funding LLC. *Id.* Significantly, Midland Credit Management, Inc. did have a debt collection license in Illinois. (**Exhibit F**). Encore Capital Croup, Inc. is the parent of both Midland entities. **Exhibit B**, ¶ 14.

Martin's claims therefore turn on the following unique state law propositions:

1.  Midland Funding LLC needed a collection agency license even though contacts were made by MCM, which had a license;

2.  The failure of Midland Funding LLC to have an Illinois license prevents it from taking advantage of consent provided to the creditor for purposes of a federal statute.

3

Discovery has proceeded in *Scardina* before Judge Lindberg. On June 8, 2011, Judge Lindberg ordered that discovery, including expert discovery, be completed by September 28, 2011. (Dkt. No. 22). Rule 26(a)(1) disclosures were made by each party. Plaintiff has served and defendants have answered Plaintiff's first set of discovery. The parties have scheduled a Rule 37 conference. No discovery was sent in *Martin* until shortly before the motion to reassign was filed.

Furthermore, Midland filed a motion to stay *Scardina.* That motion was denied. (**Exhibit G**). In that opinion, Judge Lindberg addressed the substantive question of whether a federal court has subject matter jurisdiction over TCPA cases and found that he had jurisdiction.

## I. THE *SCARDINA* LITIGATION WILL BE PREJUDICED BY A REASSIGNMENT

Consent is an affirmative defense under the TCPA. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Junk Fax Protection Act of 2005*, CG Docket No. 02-278; CG Docket No. 05-338, FCC 06-42, ¶12, 21 FCC Rcd 3787; 2006 FCC LEXIS 1713; 38 Comm. Reg. (P & F) 167 (April 6, 2006) We believe that, based upon our experience in other cases, that discovery will show that consent as raised by the allegations in *Scardina* is a simple matter of making a ministerial review of records to determine if a cell phone number was provided to the creditor by the debtor. See, eg. *Balbarin v. North Star Capital Acquisition, LLC*, No. 10 C 1846 (Jan. 5, 2011)(**Exhibit H**).

Consent in *Martin* presents a complicated state law question. Neither the Martin complaint nor the amended complaint alleges that Martin did not give consent to be contacted on his cellular telephone. (Thus Martin does not appear to be a member of the *Scardina* class.) The original complaint asserts that because Midland Funding LLC was not licensed in Illinois between January 1, 2008 and November 24, 2008, it cannot validly obtain consent, relying on *LVNV*

4

*Funding, LLC v. Trice*, __ N.E.2d.__, 2011 WL 947129 (1ˢᵗ Dist. Mar. 16, 2011(**Exhibit D**), as

modified June 30, 2011(**Exhibit E**)),  Complaint, ¶ ¶ 1-7, Exhibit A, even though the entity that did

collect on debts during that time period (MCM) did have a license.    The class in the *Martin*

amended complaint is limited to the time period during which   Midland Funding LLC was

unlicensed in Illinois.  Martin did not sue Midland Credit Management, Inc., the debt collector who

was licensed in Illinois, nor  Encore Capital Croup, Inc., the parent.

Furthermore, the *Trice* decision was amended on a motion for rehearing subsequent

to the filing of the initial *Martin* complaint to delete any language that a purchase made by an

unlicensed entity is unlawful. Compare **Exhibits D** with **Exhibits E.**

The state law question of whether an unlicensed entity can obtain consent under the

TCPA is not present in *Scardina*.  Determination of that issue will stall *Scardina*.

## II.     DEFENDANT'S MOTION WILL DELAY RESOLUTION OF *SCARDINA.*

Although *Martin* was filed one day before *Scardina*, litigation has proceeded at full

speed in *Scardina*, but not in *Martin.*  A short discovery cut-off date of September 28, 2011 has been

set, written discovery served on defendant, responded to and a Rule 37 conference is to take place

on July 23, 2011.  A face to face settlement conference is set for July 29, 2011.  Finally, defendant

filed a motion to stay *Scardina*, which was promptly denied by Judge Lindberg.  It appears that

defendant's motion for relatedness is motivated not by a desire to conserve judicial resources, but

rather avoid the judicial assignment and stall *Scardina* while a complicated issue of state law is

determined by this Court.

WHEREFORE, Plaintiff Scardina respectfully requests that this Court deny the

motion for reassignment based upon relatedness.

Respectfully submitted,

s/Cassandra P. Miller
Cassandra P. Miller

Curtis C. Warner      (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
        & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Cassandra P. Miller, hereby certify that on July 26, 2011, I caused to be filed the foregoing documents via the CM/ECF System.  I also caused the foregoing document to be sent via US mail to the following:

Renee L. Zipprich
James M. Golden
Amy R. Jonker
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606

Theodore W. Seitz
Dykema Gossett PLLC
Capitol View
201 Townsend Street, Suite 900
Lansing, Michigan 48933

Alexander H. Burke
Burke Law Offices LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601

s/ Cassandra P. Miller
Cassandra P. Miller

7