IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, individually and on behalf of a class,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MIDLAND FUNDING LLC,<br><br>　　　　　　Defendant. | Case No. 11-cv-03104<br><br>Judge Charles P. Kocoras<br><br>Magistrate Judge Morton Denlow |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR REASSIGNMENT OF RELATED ACTION**

　　　　Scardina raises two misplaced and entirely unsupported objections to Defendant's Motion for Reassignment of Related Action. *See* DE 22 ("Scardina's Objections"). First, Scardina argues that the *Martin* case, in addition to raising the exact same claims as *Scardina,* also raises an additional issue concerning whether the consent defense to the TCPA can ever apply in the absence of proper state licensing. In its Motion for Reassignment, Defendant cited to ample case law explaining that, under Local Rule 40.4, the cases are still "related" even if one or even several extraneous issues are present in otherwise overlapping litigation. Scardina does not attempt to distinguish or question the authority of any of those cases, nor does Scardina cite to even a single case where reassignment was denied. Moreover, Scardina's unsupported reasoning is unpersuasive because the licensing issue present in *Martin* involves only the most basic factual determinations (was Defendant licensed or not?) and is otherwise a straight-forward legal question.

　　　　Second, Scardina argues that reassignment will delay the fast discovery schedule set in *Scardina,* but the goal of litigation is not to conduct discovery as quickly as possible – the goal is

to do it efficiently, and do it correctly. Any delay caused by consolidation is likely to be minimal. Consolidation will avoid much duplication, and there is no reason to think that the Court would not set an appropriately paced discovery schedule in the consolidated action. Moreover, Scardina's argument that resolving a simple legal question will delay the complex discovery process necessary on the issue of consent – a process necessary in *both Scardina* and *Martin,* and with respect to overlapping classes – fails as a matter of tautology.

Instead, Scardina appears to want multiple federal judges to waste time engaging in duplicative efforts over identical discovery processes without any corresponding benefit. Any minimal delay that might result from consolidation is greatly outweighed by the strain on judicial resources of litigating duplicative cases.

For these reasons, as more fully explained below, Scardina's Objections should be overruled.

**Scardina Misleads The Court By Suggesting That *Martin* Does Not Turn On Consent**

Scardina argues that his case is about consent, whereas "[n]either the Martin complaint nor the amended complaint alleges that Martin did not give consent to be contacted on his cellular telephone." Scardina's Objections at 4. Scardina's statement is misleading at best. The issue of consent is the key component of the proposed class definition in *Martin,* just as it is in *Scardina*: "All persons . . . whose cell phone . . . [was] called using an automatic telephone dialing system . . ., where defendant cannot show that the recipient provided their cellular telephone number to it or, any creditor, for the alleged debt it was collecting, prior to the call(s)." *Martin* Amended Complaint [DE 17] at ¶ 23.

Scardina's argument that Martin "does not appear to be a member of the *Scardina* class" simply because Martin has not alleged the absence of his consent is preposterous – Martin

certainly alleges he is a member of the proposed *Martin* class, and the proposed definition in *Martin* incorporates consent just like the one in *Scardina* does. *See Martin* Amended Complaint [DE 17] at ¶ 23; Scardina's Objections at 4. As Scardina acknowledges, a debtor's consent to be called on a cellular phone "is an affirmative defense to the TCPA." *Id*. Consent is therefore a key issue in any TCPA claim regardless of whether or not its absence is specifically pled by the plaintiff. It is axiomatic that "a plaintiff need not plead facts responsive to an affirmative defense before it is raised." *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 601 n.10 (8th Cir. 2009).[1]

### The Issues In *Martin* And *Scardina* Almost Entirely Overlap

Scardina argues that *Martin* might involve licensing issues, and that reassignment should be denied for this reason. That argument fails as a threshold matter because Local Rule 40.4(a)(2) only requires that "the cases involve *some* of the same issues of fact or law." (emphasis added). That test is more than satisfied here. Scardina fails to point the Court to any legal standard under which the presence of one relatively minor issue mitigates against reassignment.

Even if, in some cases, the presence of one extraneous issue could justify separating cases which otherwise overlap (and Scardina identifies no such rule of law), this case would not be a good example. But for a few extraneous fact allegations in *Martin* relating to licensing status, the claims entirely overlap. Moreover, to even argue that licensing issues will be relevant,

---

[1] *See also Black v. Coughlin*, 76 F.3d 72, 75 (2d Cir. 1996) ("Since qualified immunity is an affirmative defense that the defendants have the burden of raising in their answer and establishing at trial or on a motion for summary judgment, a plaintiff, in order to state a claim of constitutional violation, need not plead facts showing the absence of such a defense."); *CSX Transp., Inc. v. Gilkison*, 406 F. App'x 723, 728-29 (4th Cir. 2010) ("To require otherwise would require a plaintiff to plead affirmatively in his complaint matters that might be responsive to affirmative defenses even before the affirmative defenses are raised.") (quoting *Goodman v. Praxair, Inc*., 494 F.3d 458, 464 (4th Cir. 2007)), *petition for cert. filed*, 79 U.S.L.W. 3629 (Apr. 21, 2011).

Scardina has to rely heavily on an original complaint in *Martin* which no longer exists. In fact, the *Martin* amended complaint highlights why these actions are so similar. In the original *Martin* complaint, the *Martin* plaintiff attempted to use *LVNV Funding, LLC v. Trice*, --- N.E.2d. ----, 2011 WL 947129 (Ill. App. Ct. Mar. 16, 2011) (Scardina's Objections at Ex. D) to assemble an argument that without a state license to collect debt, consent could never be obtained as a matter of law no matter the facts of whether the debtor provided the number. But as Scardina points out, the court's opinion in *Trice* softened on rehearing (Scardina Objections at Ex. E) on June 30, 2011, and it should therefore come as *no surprise* that the *Martin* plaintiff then amended his complaint two weeks later, and removed the reference to *Trice* as forming a basis for liability. *Compare* DE 1 at ¶ 1 *with* DE 17.

In any event, *Martin's* Amended Complaint does not even reference *Trice,* and barely mentions licensing issues. Instead, *Martin* states a straight-forward TCPA claim, just like *Scardina* does, and both cases will entirely turn on Defendant's affirmative defense of consent. *Martin* probably will not even involve licensing issues at all, but even if it does, the issue of licensing is bound up with the issue of consent. As the court stated in *Fairbanks Capital Corp. v. Jenkins*, No. 02 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002), a case cited in Defendants' opening brief, Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related." Scardina does not cite any contrary caselaw. At worst, the licensing issue is merely one of many subissues of consent, and not any independent topic for discovery.

### **Delay Of *Scardina*, If Any, Will Be Minimal**

Scardina also raises misplaced objections that resolving any remaining licensing issues will "stall" *Scardina*. *See* Scardina's Objections at 5. These objections fail because (1) at best

for Scardina, the two cases entirely overlap, but with a minor ancillary issue present in *Martin,* and (2) the minor licensing issue raised in *Martin* will likely involve only basic fact issues, and the implications of those facts raise a straight-forward legal issue that the Court can easily address by a standard briefing schedule on a motion to dismiss or summary judgment.

By contrast, the next steps in *Scardina* are mammoth – manual review of account records, compilation of class lists, and any number of complex discovery issues await the parties. Scardina's objection that resolving a fairly standard legal question will "stall" that difficult process fails to withstand any common-sense test. In terms of the progress of discovery, *Martin* is, at most, a few *weeks* behind *Scardina.* In *21 srl v. Enable Holdings, Inc.*, No. 09-cv-3667, 2009 WL 4884177, at *3-4 (N.D. Ill. Dec. 9, 2009), cited in Defendant's opening brief, discovery had already begun in earnest, and reassignment was still ordered. Once again, Scardina fails to question that case's authority or cite to any contrary decision.

## Conclusion

In sum, there is nothing judicious about two federal judges spending time overseeing two cases alleging the same cause of action against the same group of defendants where the vast majority of the discovery will cover identical issues, where the classes overlap, and where the only separate state law claim is factually uncomplicated and resolvable as a purely legal question. Scardina's objections should be overruled.

Dated: August 3, 2011

Respectfully submitted,

**MIDLAND FUNDING LLC**

By: s/ Renee L. Zipprich
Renee L. Zipprich (rzipprich@dykema.com)
James M. Golden (jgolden@dykema.com)
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
Phone: 312-876-1700
Fax: 312-627-2302

Theodore W. Seitz (tseitz@dykema.com)
DYKEMA GOSSETT PLLC
Capitol View
201 Townsend Street, Suite 900
Lansing, Michigan 48933
Phone: (517) 374-9100
Fax: (517) 374-9191

## **CERTIFICATE OF SERVICE**

I hereby certify that on **August 3, 2011**, I electronically filed the foregoing **Reply in Support of Defendant's Motion for Reassignment of Related Action** with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

    Alexander H. Burke  (aburke@burkelawllc.com)

I additionally certify that I served the foregoing document via U.S. Mail and electronic mail to the following:

    Curtis C. Warner  (cwarner@warnerlawllc.com)
    WARNER LAW FIRM, LLC
    Millennium Park Plaza
    155 N. Michigan Ave. Suite 560
    Chicago, IL  60601

    Daniel A. Edelman  (dedelman@edcombs.com)
    Cathleen M. Combs  (ccombs@edcombs.com)
    James O. Latturner  (jlatturner@edcombs.com)
    Cassandra P. Miller  (cmiller@edcombs.com)
    EDELMAN COMBS LATTURNER & GOODWIN, LLC
    120 S. LaSalle Street, 18th Floor
    Chicago, IL  60603

                                        s/ J. Richard Madamba

CHICAGO\3330060.3
ID\BJN - 097356/0102