**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) | |
| Plaintiff, | ) | 1:11-cv-3104 |
| | ) | |
| v. | ) | Judge Kocoras |
| | ) | Magistrate Judge Denlow |
| MIDLAND FUNDING, LLC, | ) | |
| Defendant. | ) | JURY DEMANDED |
| | ) | |

**PLAINTIFF MARTIN'S RESPONSE TO BRIEF REGARDING REASSIGNMENT**

Plaintiff Nicholas Martin does not have a preference as to whether the *Scardena* case is reassigned to this Court or designated as related with this case.

If the cases are designated as related, however, Martin respectfully submits that Midland should not be permitted to forum shop to avoid Judge Lindberg's adverse rulings in *Scardina*, such as denial of Midland's motion to stay proceedings and an imminent decision on a pending and fully briefed motion to compel, and requests that this Court adhere and honor those rulings.

One final note: Martin case finds himself in the unusual situation of being attacked by Scardenia's lawyers, both in open court, and in Scardina's brief in response to reassignment. Certain statements by Scardina's counsel suggest that avoiding reassignment is more important to them than decorum and candor to counsel and the Court. Indeed, many of these seem to have no purpose other than to try to make Martin's case look bad, and have no factual basis, either.

A few of these warrant response.  For example, Scarnina's lawyers stated in open court upon presentation of this motion that Martin's Amended Complaint "copied" Scardina's original

1

complaint.  The opposite is true:  Martin was the first-filed case, and the Amended Complaint *narrowed* the original class definition to include only those persons who were in the subclass of the original complaint.  In other words, the theory of the *Martin* case did not change.  It boggles the mind why a lawyer attempting to argue why two cases are different would try to point out that one lawyer "copied" the other.  In any event, Martin did not "copy" Scardina in any way, shape or form.  The statement was objectively false.

Scardina's opposition papers also suggest that Martin had some duty to plead the absence of Midland's affirmative defense in his Amended Complaint.  As Midland's reply brief points out, there is no legal basis for this argument.  There is simply no rational justification for this specious argument, particularly from a plaintiff lawyer who certainly would not wish to be held to such a pleading standard.  The situation suggests that Scardina was grasping at straws to find some reason why the cases are different, at any cost.

Finally, Scardina suggests that possible invocation of the *LVNV Funding, LLC v. Trice*, --- N.E.2d. ----, 2011 WL 947129 (1st Dist. Mar. 16, 2011), superseded by 2011 WL 2623304 (June 30, 2011) and Illinois Collection Agency Act, 225 ILCS 225 ILCS 425/3 to 4b, will adversely affect his case.  However, each of the class members in the *Martin* case are also *Scardina* class members.

Those class members whose alleged debts Midland obtained illegally, and thus, did not obtain at all, not only may have better claims on the merits than *Scardina*, but also likely have better arguments in opposition to important ancillary issues such as forced arbitration.  See Answer to Scardina complaint at affirmative defense four, page 18.  Scardina did not plead the absence of any mandatory arbitration agreement in its complaint.

In sum, because the classes overlap, Scardina's decision to attack the Martin complaint and allegations could easily be viewed as an offense against the claims and defenses of the very class members it purports to represent.

Again, Martin has no stake in whether the cases are designated as related, particularly in light of the fact that Midland has requested Multidistrict Litigation treatment of these cases. *In re Midland Credit Management, Inc., Telephone Consumer Protection Act*, MDL no. 2286. Perhaps the Court should consider abstaining from ruling on this motion until the MDL panel has had a chance to rule on that consolidation motion, which, if granted, would likely result in both cases being transferred to San Diego, California.

Respectfully submitted,

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com