UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 11 C 3104 |
| MIDLAND FUNDING LLC, | ) ) | |
| Defendant. | ) | |

**ORDER**

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Defendant Midland Funding, LLC's ("Midland") motion to reassign and consolidate a later-filed matter pursuant to Northern District of Illinois Local Rule 40.4(c). For the reasons stated below, the motion is denied.

Midland asks the Court to reassign and consolidate *Scardina v. Midland Credit Management*, No. 11-cv-3149 (N.D. Ill.) (Lindberg, J.) ("*Scardina*"), with the instant matter before this Court, *Martin v. Midland Funding, LLC*, No. 11-cv-3104 (N.D. Ill.) (Kocoras, J.) ("*Martin*"). Plaintiff Dave Scardina ("Scardina") objects. To resolve the pending motion, a summary of the two cases is necessary.

On May 10, 2011, Plaintiff Nicholas Martin ("Martin") filed a purported class action against Midland. The amended complaint asserts class claims under the

Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Martin seeks to hold Midland liable for calling class members' cellular telephones using an automatic telephone dialing system or prerecorded or artificial voice. Martin purports to represent individuals who resided in Illinois between January 1, 2008, and November 24, 2008, received calls during that same time period, and had an alleged debt obtained by Midland during that same time period. The *Martin* action is currently pending before this Court.

One day later, on May 11, 2011, Scardina filed a purported class action against Midland, as well as Midland Credit Management, Inc. ("MCM") and Encore Capital Group, Inc. ("Encore"). Scardina asserts a class claim under the TCPA and seeks to hold all three defendants liable. Scardina seeks to hold MCM liable for calling class members' cellular telephones using an automatic telephone dialing service or an artificial or prerecorded voice without their prior express consent. Scardina also seeks to hold Midland, the owner of the debt, vicariously liable. Finally, Scardina seeks to hold Midland's parent, Encore, liable for raising the capital for the predictive dialing equipment and directing MCM to use the equipment. Scardina purports to represent individuals with Illinois cellular telephone numbers who received automated calls

between May 11, 2007, and May 31, 2011. The *Scardina* action is currently pending before Judge Lindberg.

Any party may file a motion for reassignment based on the relatedness of two or more cases. N.D. Ill. L.R. 40.4(c). The party moving for reassignment must show that the standards in Local Rule 40.4(a) and 40.4(b) are satisfied. According to Local Rule 40.4(a), two or more civil cases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, the classes are the same. Pursuant to Local Rule 40.4(b), the court may reassign a case related to an earlier-numbered case if: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to a point where designating a later-filed case as related would likely substantially delay the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding.

Midland argues that the cases are related under Local Rule 40.4(a) because the cases involve some of the same issues of fact or law and the classes are the same. Because Martin and Scardina both assert class claims under the TCPA against Midland, some common issues of fact and law exist. However, aside from a single cause of

action against the same defendant, the cases are very different. First, Scardina, unlike Martin, asserts a TCPA claim against two additional defendants, MCM and Encore, and has a different theory regarding each defendant's liability. Martin did not sue MCM, the licensed debt collector, or Encore, the parent allegedly directing MCM's use of predictive dialing equipment. Thus, some discovery relating to MCM's and Encore's involvement in *Scardina* will not be relevant in *Martin*.

Second, unlike Scardina, Martin asserts an additional class claim under the FDCPA. The FDCPA claim involves factual issues wholly unrelated to the TCPA claim. In particular, Martin's FDCPA claim deals with false representations Midland allegedly made to consumer reporting agencies regarding the character, amount, or legal status of Martin's purported debt. Martin's FDCPA claim thus varies the scope of discovery in *Martin*.

Finally, the class definitions substantially differ. The class in *Martin* includes individuals who: (1) resided in Illinois between January 1, 2008, and November 24, 2008; (2) received calls during that same time period; and (3) had an alleged debt obtained by Midland during that same time period. Thus, class discovery in *Martin* will focus on the purported class members' residences, the time of the calls, and the time Midland obtained the alleged debts. Different from *Martin*, the class in *Scardina* includes individuals with Illinois cellular telephone numbers who received automated calls between May 11, 2007, and May 31, 2011. Thus, class discovery in *Scardina* will

focus on the purported class members' cellular telephone numbers, not their residences, and whether they received calls between May 11, 2007, and May 31, 2011, a much broader time frame. Further, inclusion in the *Scardina* class, unlike the *Martin* class, does not depend on when Midland obtained the alleged debt. For these reasons, *Martin* and *Scardina* are not sufficiently related for reassignment under Local Rule 40.4(a).

Even if the cases were sufficiently related under Local Rule 40.4(a), Midland has not shown that the cases satisfy the standard in Local Rule 40.4(b). For the reasons stated above, the handling of both cases by the same judge will not likely result in a substantial saving of judicial time and effort and the cases are not susceptible to disposition in a single proceeding. Moreover, reassignment would likely delay the proceedings in *Scardina*, since the deadline for the close of discovery is approximately one month away, September 28, 2011.

For the foregoing reasons, the Court denies Midland's motion to reassign and consolidate *Scardina* with *Martin*.

*[signature: Charles P. Kocoras]*

Charles P. Kocoras
United States District Judge

Dated:  August 31, 2011